## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON PY and AIMEE PY, CRYSTAL BENAVIDES, individually and on behalf of all others similarly situated,<br><br>　　*Plaintiffs*,<br><br>-against-<br><br>THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing, Co.), TYCO FIRE PRODUCTS L.P., successor-in-interest to THE ANSUL COMPANY, NATIONAL FOAM, BUCKEYE FIRE PROTECTION CO., CHEMGUARD, and COUNTY OF SUFFOLK,<br><br>　　*Defendants*. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>**JURY TRIAL DEMANDED** |

Defendant Tyco Fire Products, L.P. ("Tyco") and Chemguard, Inc. ("Chemguard"), by their undersigned counsel, hereby give notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453, to the United States District Court for the Eastern District of New York. As grounds for removal, Tyco and Chemguard state as follows:

### PRELIMINARY STATEMENT

1.　　This putative class action was filed on or about April 26, 2018, in New York Supreme Court, Suffolk County, bearing Index Number 608013/2018. (*See* Ex. A, Summons and Complaint.) Plaintiffs allege that they are current or former residents of the City of Yaphank, New York, and seek recovery individually and on behalf of a putative class of current and former residents of Yaphank, Mastic, Mastic Beach, Shirley and Brookhaven, New York, for alleged damage to property interests, personal injuries, and medical monitoring. (*Id.* ¶¶ 24-27, 36-52, 116, 236-37.) Plaintiffs generally claim:

　　a.　　that Defendants Tyco; Chemguard, Inc.; The 3M Company; National Foam, Inc.; and Buckeye Fire Protection Co. manufactured and sold aqueous film-forming foams

("AFFF") that allegedly contained the chemicals PFOS and/or PFOA and were allegedly used at the Suffolk County Firematics Training Facility (a/k/a the Suffolk County Fire Academy) (*id.* ¶¶ 2, 8-10);

   b.  that Defendant County of Suffolk commissioned the construction of and operated the Suffolk County Fire Academy, where AFFF was allegedly used (*id.* ¶¶ 13-16); and

   c.  that storage and use of AFFF at the Suffolk County Fire Academy allegedly caused Plaintiffs, their property, and their drinking water supply to be exposed to PFOS and/or PFOA (*id.* ¶¶ 18-27).

 2.  Plaintiffs assert claims sounding in negligence, private nuisance, failure to warn, defective design, unjust enrichment, and trespass. (*Id.* ¶¶ 129-233.) Plaintiffs seek compensatory damages for alleged diminution in property values, costs of property remediation/repair, loss of use and enjoyment of their property, and loss of quality of life. (*Id.* ¶¶ 234-36.) In addition, Plaintiffs seek to impose a medical monitoring program, funded by Defendants, that would include, *inter alia*, (a) medical monitoring of individuals allegedly exposed to PFOS and PFOA; (b) "a program that provides education and outreach on the existence and availability of the services established under the medical monitoring program"; (c) "further studies of the long-term effects of exposure"; (d) research into "possible cures for the detrimental effects of breathing, living and working near the contaminants and toxicants present in the Yaphank, Mastic, Mastic Beach, Shirley, and Brookhaven areas"; (e) provision of information to Plaintiffs' treating physicians; and (f) "[a]iding in the early diagnosis and treatment of resulting injuries." (*Id.* ¶ 249.) Plaintiffs also seek punitive damages. (*Id.* ¶¶ 262-65.)

3. On May 3, 2018, the Secretary of State was served with the Summons and Complaint as the statutory agent of Tyco pursuant to Section 121-109 of New York's Revised Limited Partnership Act. (*See* Ex. B.)

4. On May 29, 2018, Chemguard was served with the Summons and Complaint. (*See* Ex. C.)

5. No other process, pleadings, or orders have been served upon Tyco and Chemguard.

6. As set forth below, this putative class action is properly removable to federal court under the Class Action Fairness Act ("CAFA") because the parties are minimally diverse and the aggregate amount in controversy for the putative class exceeds $5 million.

## REMOVAL IS PROPER UNDER CAFA

7. The Court has subject-matter jurisdiction pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453. As the Supreme Court has stated, "CAFA's primary objective [is to ensure] '[f]ederal court consideration of interstate cases of national importance.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (citation omitted). CAFA jurisdiction exists where the claim is a putative class action, the parties are minimally diverse, and the amount in controversy exceeds $5 million, exclusive of costs and interest. 28 U.S.C. § 1332(d)(2). Each of these requirements is satisfied here.

**A.   This Case Is a Putative Class Action**

8. Plaintiffs invoke N.Y. CPLR 901 and seek to certify various classes and subclasses of persons who have lived or owned property in Yaphank, Mastic, Mastic Beach, Shirley and Brookhaven, New York, that were allegedly affected by chemicals released from the Suffolk County Fire Academy. Plaintiffs specifically allege that there are "thousands" of putative class members. (*See* Ex. A, ¶¶ 116, 120.)

9. Accordingly, this case is a "class action" within the meaning of CAFA because it is brought pursuant to a "[s]tate statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

**B.   CAFA's Minimal Diversity Requirement Is Satisfied**

10. CAFA's minimal diversity requirement is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

11. Here, Plaintiffs allege that they are residents of the State of New York." (Ex. A, ¶ 36, 44.) Upon information and belief, Plaintiffs are citizens of New York.

12. Neither Tyco nor Chemguard is a citizen of New York State.

13. Rather, Tyco is a limited partnership formed in the state of Delaware. As a limited partnership, Tyco has the citizenship "of each of its general and limited partners." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000). Tyco's partners are Central Sprinkler LLC and Fire Products GP Holding LLC. These limited liability companies "ha[ve] the citizenship of [their] membership," *id.*, which is as follows:

   a. Fire Products GP Holding, LLC is wholly owned by its single member, Central Sprinkler LLC.

   b. Central Sprinkler LLC is wholly owned by its single member, Tyco International Management Company, LLC.

   c. Tyco International Management Company, LLC is wholly owned by its single member, Tyco Fire & Security US Holdings LLC.

   d. Tyco Fire & Security US Holdings LLC is wholly owned by its single member, Tyco Fire & Security (US) Management, Inc. A corporation's citizenship is determined by its state of incorporation and principal place of business. *See* 28 U.S.C.

§1332(c)(1). Tyco Fire & Security (US) Management, Inc. is incorporated in Nevada, and its principal place of business is in New Jersey. Accordingly, Tyco is a citizen of Nevada and New Jersey.

14. Chemguard is a Texas corporation with its principal place of business in Texas.

15. Thus, Plaintiffs are diverse from at least one defendant, satisfying the CAFA minimal diversity requirement.

**C.  The Amount in Controversy Requirement Is Satisfied**

16. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC. v. Owens*, 135 S. Ct. 547, 554 (2014). "A notice of removal need only 'contain[ ] a short and plain statement of the grounds for removal,'" and thus a defendant need not provide proof of the amount in controversy requirement unless its "'assertion of the amount in controversy is challenged.'" *Egleston v. The Valspar Corp.*, 2015 WL 6508329, at *4 (S.D.N.Y. Oct. 13, 2015) (quoting *Dart*, 135 S. Ct. at 553). "[T]he claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

17. Here, the three named plaintiffs purport to seek recovery on behalf of themselves and "thousands" of class members for alleged medical monitoring, diminution in value of property, costs of property remediation and repair, and punitive damages. (*See* Ex. A, ¶¶ 234-36, 249, 262-265.) It is readily apparent from the face of the Complaint, the scope of Plaintiffs' claims, and the breadth of damages asserted that Plaintiffs seek more than $5 million in the aggregate. In comparable circumstances, one court concluded that "it is hard to see how the amount-in-controversy does not exceed $5 million" where the plaintiffs, on behalf of "thousands" of putative

class members, alleged that exposure of their confidential personal and medical information had made them vulnerable to identity theft. *Abdale v. N. Shore-Long Island Jewish Health Sys.*, 2014 WL 2945741, at *6 (E.D.N.Y. June 30, 2014) (denying motion to remand).

18.    Accordingly, the amount-in-controversy requirement is satisfied.[1]

**D.    All Procedural Requirements for Removal Are Satisfied**

19.    Tyco was served with the Summons and Complaint in this action on May 3, 2018. (*See* Ex. B.)  Chemguard was served with the Summons and Complaint in this action on May 29, 2018.  (*See* Ex. C.)  Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

20.    The New York Supreme Court, Suffolk County, is located within the Eastern District of New York.  *See* 28 U.S.C. § 1441(a).

21.    The requirements that no Defendant properly joined and served be a citizen of the State in which this action was brought and that all Defendants consent to removal do not apply with regard to removals effected under CAFA.  *See* 28 U.S.C. § 1453(b).

22.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other documents served upon Defendant Tyco are attached hereto.  (*See* Exs. A & B.)

23.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the New York Supreme Court, Suffolk County.

---

[1] Tyco notes that the inquiry at this stage concerns only the amount of damages *requested* by the Plaintiffs.  Tyco need not, and does not, concede that Plaintiffs are entitled to recover any damages. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) (stating in CAFA case that "[t]he removing party need not confess liability in order to show that the controversy exceeds the threshold") (internal quotation marks omitted).

24. Tyco and Chemguard reserve the right to amend or supplement this Notice of Removal.

25. If any other question arises as to the propriety of the removal of this action, Tyco and Chemguard request the opportunity to present a brief and request oral argument in support of removal.

WHEREFORE, Tyco and Chemguard hereby remove this action, bearing Index Number 608013/2018, to this Court from the New York Supreme Court, Suffolk County.

Dated: June 1, 2018.                              Respectfully submitted,

*/s/ Katherine Armstrong*
Katherine Armstrong
**QUINN EMANUEL URQUHART &
  SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
katherinearmstrong.com

*Attorneys for Defendant Tyco Fire Products, L.P.
and Chemguard, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 1st day of June, 2018, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL,** with its Exhibits, to be served on counsel of record by FedEx:

| | |
|---|---|
| Sean Kelly, Esq. | Brian Lacoff, Esq. |
| GRUENBERG KELLY DELLA | STAGG, TERENZI, CONFUSIONE & WABNIK, LLP |
| 700 Koehler Avenue | 401 Franklin Avenue, Suite 300 |
| Ronkonkoma, New York 11779 | Garden City, NY 11530 |
| *Attorneys for Plaintiffs* | *Attorneys for County of Suffolk* |

                                                */s/ Katherine Armstrong*
                                                Katherine Armstrong